# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHIRLEY MUHLEISEN,

        Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,

        Agency.

DOCKET NUMBER
DE-0353-16-0067-B-2

DATE:  March 30, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Shirley Muhleisen</u>, Marrero, Louisiana, pro se.

<u>Johnston B. Walker</u> and <u>LaTasha C. Clark</u>, Jackson, Mississippi,
    for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the remand initial decision, which denied her request for corrective action regarding an alleged denial of restoration, along with associated discrimination and reprisal.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

With her initial appeal in this matter, the appellant alleged that she was denied restoration, but she also alluded to some sort of discrimination or reprisal. The administrative judge found that the appellant was not entitled to corrective action regarding her restoration claim because she did not prove at least one element of her burden, i.e., that she was absent due to a compensable injury. *Muhleisen v. Department of Veterans Affairs*, MSPB Docket No. DE-0353-16-0067-I-1, Initial Appeal File, Tab 39, Initial Decision. On review, the Board affirmed that finding but remanded for the administrative judge to address the possible discrimination and reprisal claims in the first instance, because the appellant had yet to receive proper notice for the same. *Muhleisen v. Department of Veterans Affairs*, MSPB Docket No. DE-0353-16-0067-I-1, Remand Order (Mar. 2, 2023). The Board instructed the administrative judge to incorporate his prior findings concerning the merits of the appellant's restoration claim, provide the appellant notice regarding discrimination and reprisal, determine whether any such claims are live or viable, and proceed accordingly. *Id.*, ¶¶ 25-26 n.8. On remand, the administrative judge developed the record and held the requested hearing. In a remand initial decision, he implicitly incorporated his prior findings

regarding the appellant's burden of proof on the merits of her restoration claim. He did so while further finding that the appellant could not present a valid discrimination or reprisal claim remediable by the Board because she was effectively challenging nonappealable nonselections, rather than a denial of restoration, since the appellant was not absent due to a compensable injury when she sought positions with the agency. *Muhleisen v. Department of Veterans Affairs*, MSPB Docket No. DE-0353-16-0067-B-2, Remand File, Tab 48, Remand Initial Decision (RID) at 8-11. In the alternative, even if such claims were viable in this context, the administrative judge found that the appellant did not meet her burden of proving either.[2] *Id.* at 11-16.

On petition for review, the appellant presents a number of arguments that are seemingly unrelated to the restoration matter at issue in the instant appeal. For example, she argues about the nature of her separation from the agency in or around 1999, her leave and retirement benefits, and the legitimacy of other decisions in other appeals she previously pursued with the Board and courts. *E.g.*, *Muhleisen v. Department of Veterans Affairs*, MSPB Docket No. DE-0353-16-0067-B-2, Remand Petition for Review File, Tab 1 at 3-5. Some of her other arguments include an assertion that the administrative judge ignored some unidentified evidence, *id.* at 4, 6, 28, an assertion that he erred in how he handled the hearing on remand, *id.* at 26, and an argument that one agency witness was not credible, *id.* at 26-27. We have considered these arguments but find that they do not warrant a different outcome.

---

[2] Although the remand initial decision accurately recounts the analytical frameworks for claims of discrimination and whistleblower reprisal, it does not clearly explain how the administrative judge applied those frameworks to reach his conclusion. RID at 5-8, 11-16. Nevertheless, in the absence of any argument to the contrary, we have construed the remand initial decision as finding that the appellant did not prove that any protected characteristic was a motivating factor in any of the contested actions or that she engaged in protected whistleblowing that was a contributing factor in any of the contested actions.

In her petition, the appellant also suggests that the administrative judge may have been biased against her. *Id.* at 3-4, 27. She has not, however, provided a detailed explanation of the claim, nor has she overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *See Thompson v. Department of the Army*, 122 M.S.P.R. 372, ¶ 29 (2015) (recognizing this presumption and explaining that an administrative judge's conduct during the course of a proceeding warrants a new adjudication only if his comments or actions evidence a deep-seated favoritism or antagonism that would make fair judgment impossible).

In sum, we affirm the remand initial decision. The appellant has not proven her restoration claim or any associated claim of discrimination or reprisal.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:        _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.